UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
BETSY GONZALEZ,

                            Plaintiff,                      **MEMORANDUM & ORDER**
                                                                14-CV-7576 (MKB)

                      v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Betsy Gonzalez, proceeding *pro se*, filed the above-captioned action pursuant to 42 U.S.C. § 405(g) seeking review of the denial of her application for Supplemental Security Income ("SSI"). (Compl., Docket Entry No. 1.) The Commissioner of Social Security (the "Commissioner") moves to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Comm'r Notice. of Mot. to Dismiss, Docket Entry No. 9; Comm'r Mem. of Law in Support of Mot. to Dismiss ("Comm'r Mem."), Docket Entry No. 10; Decl. of Roxie Rasey Nicoll ("Nicoll Decl."), Docket Entry No. 10-3.) For the reasons set forth below, the Commissioner's motion to dismiss is granted.[1]

**I. Background**

       Plaintiff applied for SSI on October 18, 2013. (Compl. 9.) On February 19, 2014, her application was denied. (*Id.* ¶ 7). Plaintiff was notified that she had sixty days to request a hearing before an administrative law judge ("ALJ") and that the request must be in writing. (Notice of Disapproved Claim 2, annexed to Nicoll Decl. as Ex. 2.) Plaintiff was also instructed

---

[1] On January 26, 2016, the Court held a status conference by telephone and explained to Plaintiff that the Court could not adjudicate this action. (Jan. 26, 2016 Min. Entry.)

to either contact the Social Security Administration (the "SSA") and request the necessary forms or apply online. (*Id.*) Plaintiff alleges that although she timely requested a hearing over the phone on April 14, 2014, and was told that she would receive the necessary "paperwork" by mail, she never received any documents. (Compl. 7.) Plaintiff called a second time to inquire about the documents, and the person she spoke with told her to apply online. (*Id.*) On May 13, 2014, eighty-three days after her SSI application was denied, Plaintiff submitted a written request for a hearing before an ALJ. (Req. for Hr'g by ALJ 1, annexed to Nicoll Decl. as Ex. 3.) On May 20, 2014, ALJ Joani Sedaca sent Plaintiff a letter informing her that her request was untimely. (Letter dated May 20, 2014 at 1, annexed to Nicoll Decl. as Ex. 4.) The May 20, 2014 letter also notified Plaintiff that she must show good cause for her untimely request within fifteen days and that her failure to do so would result in the dismissal of her request. (*Id.*) Plaintiff failed to respond to the May 20, 2014 letter, and on June 25, 2014, ALJ Kieran McCormack dismissed Plaintiff's request for a hearing as untimely. (Order of Dismissal 1–2, annexed to Nicoll Decl. as Ex. 5.) Plaintiff appealed the ALJ's decision to the Appeals Council and on October 1, 2014, the Appeals Council denied Plaintiff's request for review. (Notice of Appeals Council Action 1, annexed to Nicoll Decl. as Ex. 6.) On October 6, 2014, Plaintiff received notice of the Appeals Council's decision. (Compl. ¶ 8.) Plaintiff commenced this action on December 31, 2014. (*Id.* at 1.)

## II. Discussion

### a. Standards of review

#### i. 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it."

2

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

    ii.   **12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. The Court lacks subject matter jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g)

Defendant contends that because the ALJ dismissed Plaintiff's request for a hearing as untimely, the dismissal is not a "judicially reviewable final decision" and the Court therefore lacks subject matter jurisdiction to adjudicate this action. (Comm'r Mem. 6.)

A claimant who is dissatisfied with an SSA determination may request a hearing before an ALJ. 20 C.F.R. § 416.1429; *see also Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005) ("If dissatisfied, [a] claimant may request a hearing before an ALJ." (citing § 416.1429)); *Smith v. Schweiker*, 709 F.2d 777, 779 (2d Cir. 1983) (same). The request for a hearing must be submitted in writing within sixty days of the claimant's receipt of notice regarding the adverse determination. 20 C.F.R. § 416.1433 (a)–(b); *see also Francois v. Astrue*, No. 11-CV-4339, 2012 WL 697170, at *3 (S.D.N.Y. Mar. 5, 2012) ("[A claimant] is entitled to an evidentiary hearing and a *de novo* review by an ALJ . . . , subject to the same sixty-day filing requirement." (citing § 416.1433)). The sixty-day period commences five days after the date on the notice of

the adverse determination, unless the applicant can demonstrate that the notice was not received within five days. 20 C.F.R. § 416.1401; *see also Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 484 (W.D.N.Y. 2015) ("The 60–day limitations period starts to run five days after the date set forth on the . . . notice." (citing § 416.1401)). Where a claimant fails to timely request a hearing, the ALJ may dismiss the request. 20 C.F.R. § 416.1457(c)(3).

Judicial review pursuant to 42 U.S.C. § 405(g) is only available after a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." *See* 42 U.S.C. § 405(g)–(h). A dismissal based on an untimely request for review by the ALJ "is not reviewable by the district court because it is not a 'final decision' within the meaning of [section] 405(g)." *Dietsch v. Schweiker*, 700 F.2d 865, 867 (1983) (citations omitted); *see also Jones v. Astrue*, 526 F. Supp. 2d 455, 459 (S.D.N.Y. 2007) ("The Appeals Council may dismiss an untimely request for review and such dismissal is generally not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g)." (citing *Dietsch*, 700 F.2d at 867)).

The ALJ dismissed Plaintiff's request for a hearing as untimely. Therefore, the dismissal was not a final decision and review pursuant to section 405(g) is unavailable.

### c. **Plaintiff did not timely commence this action**

Defendant alternatively argues that the Complaint should be dismissed because Plaintiff did not timely commence this action.

Claimants seeking federal district court review of a final decision by the Commissioner must file a civil action within sixty days of receiving notice of such a decision. 42 U.S.C. § 405(g). This requirement "is not jurisdictional, but rather constitutes a period of limitations," which "is a condition on the waiver of sovereign immunity" that "must be strictly construed."

*Cole-Hill*, 110 F. Supp. 3d at 483 (quoting *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986)). The notice is presumed to have been received within five days of its mailing unless a plaintiff can show otherwise. 20 C.F.R. §§ 416.1401, 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984); *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015) (citing *Matsibekker*, 738 F.2d at 81).

Plaintiff received notice of the Appeals Council's denial on October 6, 2014. (Compl. ¶ 8.) Thus, Plaintiff was required to commence this action on or before December 5, 2014 in order for her action to be timely. Plaintiff commenced this action on December 31, 2014, twenty-six days after the deadline. (*See* Compl. 1.) Therefore, this action is untimely. *See Cole-Hill*, 110 F. Supp. 3d at 484 (noting that courts in the Second Circuit have dismissed social security cases where the complaint was filed a few days after the sixty-day deadline and the circumstances did not justify equitable tolling (collecting cases)).

### d. Plaintiff has not presented a basis to toll the sixty-day deadline

In a letter attached to her Complaint, Plaintiff apologizes for her untimely filing and states that she suffers from vertigo and has been "sick," and has had difficulty traveling. (Compl. 6.) Defendant argues that this is not a basis for tolling the sixty-day period because, if the circumstances cited by Plaintiff were sufficient, then "all applicants for disability benefits would have an excuse for lateness." (Comm'r Mem. 10–11.)

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling

6

rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).  Circumstances that justify equitable tolling include circumstances where the plaintiff "(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill*, 110 F. Supp. 3d at 485 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)).  The plaintiff bears the burden of demonstrating that equitable tolling is justified.  *Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Plaintiff has not demonstrated that she is entitled to equitable tolling.  The fact that Plaintiff's illness prevented her from timely filing her action is not a sufficient basis to justify equitable tolling.  *See Kesoglides*, 2015 WL 1439862, at *4 ("[A]llowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period." (quoting *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam))).  Plaintiff acknowledges that she received notice of the Appeals Council's denial on October 6, 2014, (Compl. ¶ 8), and does not claim that she was unable to understand the filing deadline.  While Plaintiff claims that she received conflicting information about how she should request a hearing before an ALJ, (*id.* at 7), she has not made such a claim with respect to the filing deadline for commencing this action.

## III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss the Complaint.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 1, 2016
      Brooklyn, New York